**BOYDSTON v. STATE.   (7 Div. 866.)**

(Court of Appeals of Alabama.   Feb. 6, 1923. Rehearing Denied March 6, 1923.)

**1. Homicide ⊜⇒276 — Whether defendant brought on difficulty held for jury.**

In a prosecution for assaulting, with intent to murder, a deputy sheriff, in which there was evidence that the defendant was under the influence of liquor and had created some disturbance at or near a church and that the deputy sheriff had sought to quiet him, the question of whether the defendant brought on the difficulty was a question for the jury.

**2. Criminal law ⊜⇒763, 764(23) — Requested instruction that defendant did not bring on difficulty held to invade province of jury.**

In a prosecution for assaulting, with intent to murder, a deputy sheriff, in which there was evidence that the defendant had created some disturbance and that the deputy sheriff had sought to quiet him, and in which there was an issue as to whether the defendant or the deputy sheriff had brought on the difficulty, an instruction that, "under the evidence in this case, the defendant is free from fault in

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bringing on the difficulty," *held* properly refused, being invasive of the province of the jury.

**3. Criminal law** ⊕⟶**763, 764(23)—Requested instruction that complaining witness was aggressor held to invade province of jury.** ·

In a prosecution for assaulting, with intent to murder, a deputy sheriff, in which there was evidence that the defendant had created some disturbance and that the deputy sheriff had sought to quiet him, and in which there was an issue as to whether the defendant or the deputy sheriff had brought on the difficulty, an instruction that "under the evidence in this case Deputy Campbell was the aggressor" *held* properly refused, being invasive of the province of the jury.

**4. Criminal law** ⊕⟶**767—Requested instruction that deputy sheriff assaulted by defendant while making arrest had no right to make arrest held to invade province of jury.**

In a prosecution for assaulting, with intent to murder, a deputy sheriff, in which there was evidence that the defendant had created some disturbance and that the deputy sheriff had sought to quiet him, and in which there was an issue as to whether the defendant or the deputy sheriff had brought on the difficulty, an instruction that "no officer has the right to make an arrest under circumstances like those detailed in the testimony in this case without first making known his identity and that he desires to make an arrest" *held* properly refused, being invasive of the province of the jury.

**5. Criminal law** ⊕⟶**763, 764(3, 4)—Requested instruction that defendant was not making disturbance when arrested held to invade province of jury.**

In a prosecution for assaulting, with intent to murder, a deputy sheriff, in which there was evidence that the defendant had created some disturbance and that the deputy sheriff had sought to quiet him, and in which there was an issue as to whether the defendant or the deputy sheriff had brought on the difficulty, an instruction that "there is no testimony in this case tending to show that the defendant at the time the attempted arrest was made was disturbing the services there in progress" *held* properly refused, being invasive of the province of the jury.

**6. Criminal law** ⊕⟶**763, 764(23) — Requested instruction that the evidence was not sufficient to show that defendant was committing offense of public drunkenness when arrested held to invade province of jury.** ·

In a prosecution for assaulting, with intent to murder, a deputy sheriff, in which there was evidence that the defendant had created some disturbance and that the deputy sheriff had sought to quiet him, and in which there was an issue as to whether the defendant or the deputy sheriff had brought on the difficulty, an instruction that "the evidence is insufficient in this case to show that the defendant was committing the offense known as public drunkenness at the time the arrest was made" *held* properly refused, being invasive of the province of the jury.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Jess, alias Jesse, Boydston was convicted of assault with intent to murder, and he appeals. Affirmed. Certiorari denied by Supreme Court in Ex parte Jess Boydston, 209 Ala. 261, 96 South. 151.

The following charges were refused to defendant: ·

"(1) I charge you that under the evidence in this case, the defendant is free from fault in bringing on the difficulty.

"(2) I charge you under the evidence in this case Deputy Campbell was the aggressor.

"(3) I charge you that no officer has the right to make an arrest under circumstances like those detailed in the testimony in this case without first making known his identity and that he desires to make an arrest.

"(4) I charge you that there is no testimony in this case tending to show that the defendant at the time the attempted arrest was made was disturbing the services there in progress.

"(5) I charge you that the evidence is insufficient in this case to show that the defendant was committing the offense known as public drunkenness, at the time the arrest was made."

· Isbell & Scott, of Ft. Payne, for appellant:

Counsel argue for error, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

BRICKEN, P. J. The defendant was indicted, tried, and convicted, for the offense of assault, with intent to murder Luther Campbell, a deputy sheriff. The difficulty occurred on Sunday at a church in the Ider neighborhood in DeKalb county at a time when a "big singing" was being held. The undisputed testimony shows that he shot at Campbell several times with a pistol in close proximity and that Campbell also shot at him. There was some evidence to the effect that the defendant was under the influence of liquor and created some disturbance at or near the church, and that Campbell, the deputy sheriff, sought to quiet him, whereupon he pulled a pistol and ordered the officer to throw up his hands and began backing away. When he backed into a buggy he turned to look, at which time Campbell drew his pistol, and the state's witnesses testified that the defendant immediately began to fire ·at the officer, and that the officer returned the fire. After the shooting the defendant ran, but was pursued by Campbell and another person, was captured near by, and handcuffs were placed upon him. The testimony was in conflict as to who fired first, and this as well as other questions were for the determination of the jury.

Several exceptions were reserved to the rulings of the court upon the admission of testimony. Each of the rulings, however, relate to testimony clearly a part of the res gestæ, and for this reason the rulings complained of are without error.

In an able and extended charge the court fairly stated the law of this case to the jury. Some of the special written charges given at the instance of the defendant could have been properly refused.

[1-6] Each of the charges refused to defendant were invasive of the province of the jury and were otherwise objectionable; they were properly refused.

No error appearing in any of the rulings of the court during the progress of this trial, and the record being free from error, the judgment of the lower court appealed from is affirmed.

Affirmed.